IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00040-MOC-WCM

| | | |
|---|---|---|
| DANNY GOUGE | ) | |
| | ) | ORDER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEAR LOGISTICS, LLC, | ) | |
| ANYWAY LOGISTICS, INC., | ) | |
| AGUSTIN A. LOZA, JR. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court *sua sponte*.

On February 22, 2022, Plaintiff filed his original Complaint against Defendants Jear Logistics, LLC ("Jear"), Anyway Logistics, Inc. ("Anyway"), and Agustin A. Loza, Jr. ("Loza"). Doc. 1. Plaintiff contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

On June 2, 2022, an initial pretrial conference was conducted with counsel for the parties. Counsel for Plaintiff and counsel for Jear were directed to confer and to file a Notice concerning the citizenship particulars of Jear on or before June 9, 2022.

On June 7, 2022, Jear filed a supplemental corporate disclosure statement indicating that Jear's "members are all individuals who reside outside the state of North Carolina." Doc. 20 at 1. Jear also provided the names

1

of the individual members, but it did not provide specific information regarding their citizenship.

Similar allegations of citizenship, when made by plaintiffs, have been rejected. See U.S. Agrisoil, LLC v. Kreloff, No. JKB-20-2454, 2021 WL 409789, at *2 (D. Md. Feb. 5, 2021) (allegation that "[u]pon information and belief, the members and partners of the entity defendants are not citizens of either Delaware or Rhode Island" was insufficient); see also MB Realty Group, Inc. v. Dolgencorp, LLC, No. GJH-19-2300, 2021 WL 2457151, at *4 (D. Md. June 16, 2021) ("When jurisdiction depends on diversity of citizenship, "citizenship should be 'distinctly and affirmatively alleged'") (quoting Kreloff, 2021 WL 409789, at * 2 and collecting cases from other circuits); 13E Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3611 (3d ed. 2009) ("a negative statement that a party is not a citizen of a particular state [is not] usually sufficient, since this type of averment does not eliminate the possibility that the person might be a citizen of no state of the United States or other political entity").

Here, Plaintiff "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York, 822 F.3d 739, 748 (4th Cir. 2016); see also Robb Evans & Assoc., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010) ("The burden of establishing

subject matter jurisdiction is on…the party asserting jurisdiction"). Nonetheless, as no Defendant has directly contested subject matter jurisdiction, as information concerning the citizenship of Jear's members may be more readily accessible to counsel for Jear, and in order to allow this matter to proceed without undue delay or the unnecessary use of the resources of the Court and the parties, counsel for Plaintiff and Defendant Jear Logistics, LLC are **DIRECTED** to confer and file, on or before June 21, 2022 an Amended Notice regarding the citizenship of each member of Jear Logistics, LLC.

It is so ordered.

Signed: June 13, 2022

W. Carleton Metcalf
United States Magistrate Judge